Argued February 13, affirmed March 19, 1929.

GEORGE J. McKAY *v.* PORTLAND ELEVATOR
COMPANY.

(275 Pac. 603.)

For appellant there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief over the names of *Messrs. Davis & Harris* and *Mr. Paul M. Long* with an oral argument by *Mr. Paul R. Harris.*

BELT, J.—This is an action, under the Employers' Liability Act (Or. L., §§ 6785–6791), to recover damages for personal injuries sustained by plaintiff in the installation of an elevator. Defendant, among other things, denied the charge of negligence and alleged affirmatively that the plaintiff executed certain "contracts and releases" whereby he agreed with defendant's insurer, the Ocean Accident & Guarantee Corporation, to accept compensation for the injuries sustained, in the same amount he would have received had defendant been operating under the Oregon Workmen's Compensation Act (Or. L., §§ 6605 et seq.). It is alleged that, in consideration of such compensation, the plaintiff agreed to release defendant from all claims and causes of action which he might have against it. To this affirmative defense, plaintiff alleged in his reply.

"I.

"That shortly after the plaintiff received the injuries mentioned in the complaint herein, and while plaintiff was still in the hospital, he was called upon by an agent of said defendant and of said insurance company, who informed the plaintiff that he had some money for him to assist him and his family while plaintiff was under disability from said in-

juries, and requested the plaintiff to sign a receipt therefor; that if the said instrument purports to be a contract or agreement as set forth in defendant's second further and separate answer and defense, plaintiff alleges the facts in connection with obtaining the same to be, that in order to induce the plaintiff to sign the same the defendant falsely, fraudulently and unlawfully, and with intent to deceive and defraud this plaintiff, represented to the plaintiff that the said paper was a receipt for the money offered to assist plaintiff while under said disability; that the said statement was false and known by the defendant and its agents to be false, and was falsely and fraudulently made for the purpose of inducing plaintiff to sign said paper or contract, and plaintiff believing the representations of the said defendant and its agents and relying upon the representation that the said paper was merely a receipt, signed the said paper to his damage; that at no time did plaintiff believe he was signing said purported contract or agreement, and plaintiff did not intend to sign such an instrument.

"II.

"That at the time *plaintiff signed any such purported contract or release as set up in defendant's second further and separate answer and defense,* he was by the artifice of the defendant fraudulently prevented from reading such instrument before signing his name thereto."

Verdict and judgment was had for plaintiff. Defendant appeals.

It appears from the record that plaintiff executed three purported releases relieving defendant from liability, the first on January 19, another on February 2, and the third on March 11, 1927. Defendant asserts that the trial court, in submitting the issues to the jury, limited its consideration to the alleged release signed by plaintiff on January 19, 1927, whereas the court should have directed the attention

of the jury to each of the three releases. No exception was taken to the instructions given, but the trial court, on its own initiative, allowed an exception to its refusal to give the following requested instruction:

" * * I further instruct you that the mere fact that the defendant and its insurance company entered into an agreement of settlement with the plaintiff is not an admission of liability on the part of the defendant. The defendant and its insurance company in negotiating said settlement were simply carrying out the provisions and conditions of a contract which they had entered into for the handling of their accidents to employees, and if you should find that the defendant and its insurance company were acting in good faith in negotiating said settlement with the plaintiff and that the plaintiff in his condition at the time of the alleged settlement on January 19th, February 2nd and March 11, 1927, knew, understood and appreciated what he was doing, and signed said contract and agreement of settlement and accepted said money with full knowledge and understanding of what he was doing, I instruct you then that under those circumstances the plaintiff is bound by his contract with the defendant and its insurance company and cannot recover damages in this action, but must be contented with such sums as the Compensation Act would pay him under the circumstances for his injuries."

1–3. The above instruction is objectionable in assuming that the insurance company entered into an agreement of settlement with the plaintiff and, being so, the trial court committed no error in rejecting it. Furthermore, the law relative to fraud was clearly and accurately stated to the jury. The fact that, in the instructions given, reference to the releases was

made in the singular and not in the plural sense did not, in our opinion, mislead or confuse the jury. Any juror of reasonable intelligence must have known that the law as announced by the court relative to the releases executed on January 19th was applicable to the other releases. In other requested instructions, the defendant repeatedly referred to the alleged releases in the singular. If any error was committed by the court in this respect, it was invited. If the attention of the trial court had been directed to the complaint which defendant now urges, we have no doubt that it would have specifically instructed the jury that the law as declared applied to all of the releases.

There is no merit in the contention that defendant was entitled to a directed verdict, and we see no need to encumber the reports in setting forth the evidence tending to show that the releases in question were obtained through undue advantage and fraud.

4. That portion of the reply which we have italicized answers the contention of the defendant that such pleading is insufficient in that it pertains only to the release signed on January 19th and did not reply to the affirmative matter in the answer relative to the two other releases. It will be recalled that defendant, in its answer, refers to certain "releases and contracts." The reply was unchallenged by motion or demurrer and we think, after verdict, it is sufficient.

The judgment of the lower court is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and BROWN, JJ., concur.